1  Raymond E. Hane III (SBN 149960)
   rhane@wallerlaw.com
2  Ashley M. Heggi (SBN 253094)
   Ashley.Heggi@wallerlaw.com
3  WALLER LANSDEN DORTCH & DAVIS, LLP
   333 S. Grand Avenue, Suite 1800
4  Los Angeles, California 90071
   Telephone:  (213) 362-3680
5  Facsimile:  (213) 362-3679

6  Attorneys for Defendant RAYTHEON COMPANY

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11 RONALD CARMICHAEL,                 ) Case No. CV09-3089 GAF (Ex)
                                      )
12        Plaintiff,                  ) **DISCOVERY MATTER**
                                      )
13     vs.                            ) **PROTECTIVE ORDER**
                                      )
14 RAYTHEON COMPANY and DOES 1        ) State Complaint Filed:  March 23, 2009
   through 50, inclusive,             )
15                                    )
          Defendant.                  )
16 ─────────────────────────────────── )

17                       <u>**ORDER**</u>

18      UPON STIPULATION of the Parties, and For Good Cause Shown,

19 IT IS HEREBY ORDERED:

20      1.     That good cause exists for the Court to grant the Parties' Stipulation for

21 Protective Order, filed concurrently herewith, that the parties to this action, Defendant

22 Raytheon Company ("RAYTHEON") and Plaintiff Ronald Carmichael ("PLAINTIFF")

23 (collectively "the Parties"), by their respective counsel, have stipulated and requested

24 that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26.

25      2.     The Protective Order shall be entered pursuant to the Federal Rules of Civil

26 Procedure, as follows:

27 / / /

28 / / /

**Waller Lansden**
**Dortch & Davis, LLP**

7124344.5

**Recitals and Basis of Stipulation:**

A.     The PARTIES hereto are conducting discovery, which includes the production of documents, the answering of interrogatories and requests for admission, the taking of testimony by oral deposition and examination, and third-party subpoenas;

B.     The PARTIES assert that certain documents and information responsive to the discovery contain material non-public financial information, personal employment records of non-PARTY individuals, or other private, confidential or proprietary or trade secret information, disclosure of which might result in irreparable harm to the respective PARTIES or third parties.  Although propounding PARTIES may be entitled to the discovery sought, the PARTIES assert that any such information should remain non-public and confidential; and

C.     The PARTIES therefore seek to reasonably limit disclosure of such non-public and confidential information.

**Stipulation:**

THEREFORE, IT IS HEREBY AGREED AND STIPULATED THAT:

1.     The following definitions shall apply to this Stipulated Protective Order ("Protective Order"):

a.     The term "CONFIDENTIAL INFORMATION" shall mean and include originals and copies of all documents, portions of documents, answers to interrogatories, responses to requests for admission, testimony, depositions, affidavits, expert reports, legal briefs or memoranda, and any other information deemed by any PARTY to comprise or contain non-public, confidential, trade secret, proprietary information, or information protected by privacy rights belonging to the PARTIES or to third parties.  CONFIDENTIAL INFORMATION shall also include, but is not limited to, non-public financial information, non-public documents concerning Raytheon's Reduction in Force (RIF) guidelines and procedures, personal information pertaining to individuals other than Plaintiff, and any other materials deemed "Company Private."

/ / /

Should any PARTY discover that CONFIDENTIAL INFORMATION was inadvertently produced in the course of this action, the PARTY may request that such information be designated as "CONFIDENTIAL," on a selective basis.  The PARTY seeking to designate such information as CONFIDENTIAL agrees to seek permission from TRIAL COUNSEL for the PARTIES prior to designating such information as CONFIDENTIAL.   In the event that TRIAL COUNSEL do not agree to such designation of information as CONFIDENTIAL, the designating PARTY has the burden to establish that such information should, in fact, be subject to this Order and shall thereafter meet and confer in good faith with the challenging PARTY(S) in an attempt to resolve the dispute.  If the PARTIES are unable to mutually resolve said dispute within a reasonable time, the designating PARTY may file an appropriately noticed motion requesting the Court to resolve whether the disputed material is properly designated as CONFIDENTIAL INFORMATION.   Pending the outcome of any challenge, the information shall be treated by the PARTIES as CONFIDENTIAL from the time of designation as such until such time as the Court finds otherwise.

Nothing in this Protective Order is intended to affect or compromise the assertion of any claim of privilege by any PARTY with respect to any documents withheld from production on the basis of such privilege.

b.     The term "DOCUMENTS" shall include all material within the meaning of "writing" as defined by Federal Rule of Civil Procedure 34.

c.     The term "PARTY" or "PARTIES" shall mean Plaintiff Ronald Carmichael ("PLAINTIFF") and Defendant Raytheon Company ("RAYTHEON").

d.     The term "TRIAL COUNSEL" shall mean (i) the attorneys, employees and agents of Smith & Lipow, attorneys for PLAINTIFF; and (ii) the attorneys, employees, and agents of Waller Lansden Dortch & Davis, LLP, attorneys for Defendant RAYTHEON.  Neither TRIAL COUNSEL nor the PARTIES hereto shall disclose CONFIDENTIAL INFORMATION to any substitute or additional trial counsel

1   prior to such counsel's acknowledgment in writing that it is familiar with and agrees to

2   comply with all provisions of this Protective Order.

3      2.      Any PARTY may designate any documents, testimony, things, or other

4   information produced in this litigation by them, or any of them, or by any third party, as

5   CONFIDENTIAL INFORMATION in accordance with paragraph 1(a) of this

6   Protective Order.  Nothing in this Protective Order shall preclude the PARTIES from

7   redacting additional privileged information on documents designated as containing

8   CONFIDENTIAL INFORMATION.

9      If any PARTY seeks to challenge any other PARTY'S designation of material as

10  CONFIDENTIAL INFORMATION, the challenging PARTY shall, within a reasonable

11  time, not to exceed fourteen (14) days, notify the PARTY whose designation is being

12  challenged, as well as all other PARTIES to this action, of the material being challenged

13  and of the specific reasons therefor.  The challenging PARTY and designating PARTY

14  shall thereafter meet and confer in good faith in an attempt to resolve the dispute.  If the

15  PARTIES are unable to mutually resolve said dispute within a reasonable time, the

16  challenging PARTY may file an appropriately noticed motion requesting the Court to

17  resolve whether the disputed material is properly designated as CONFIDENTIAL

18  INFORMATION.

19     3.      All information designated as CONFIDENTIAL INFORMATION shall

20  not be disclosed to anyone other than the following 6 categories of people:

21         a.  PARTIES and their officers, directors, members and employees;

22         b.  TRIAL COUNSEL;

23         c.  Independent consultants, contractors, mediators, or experts retained for

24             this litigation; or

25         d.  Any person indicated on the face of the document to be its originator,

26             author, or recipient, or the subject of or mentioned in the document.

27  / / /

28  / / /

The viewing of CONFIDENTIAL INFORMATION by any person in categories 3(a) through 3(d) shall not cause such CONFIDENTIAL INFORMATION to lose its confidential nature.

All persons, with the exception of categories (a), (b) and (c) above, in the instant action to whom CONFIDENTIAL INFORMATION is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, as provided in the form attached hereto as Attachment A.

To the extent that CONFIDENTIAL INFORMATION must be disclosed to deponents and/or trial witnesses in the present action, TRIAL COUNSEL agree to admonish the deponent and/or witness that a Court Order regarding CONFIDENTIAL INFORMATION is in place in this matter and that the deponent/witness shall not divulge any CONFIDENTIAL INFORMATION disclosed to him or her.

CONFIDENTIAL INFORMATION shall not be used for any purpose other than as is set forth in Paragraph 12 of this Protective Order unless and until such designation is removed either by agreement by the PARTIES or by order of the Court. The protections conferred by this Protective Order cover not only CONFIDENTIAL INFORMATION (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal CONFIDENTIAL INFORMATION.

4.      Whenever a deposition or examination taken on behalf of any PARTY involves a disclosure of CONFIDENTIAL INFORMATION:

a.      Said deposition or examination or portions thereof shall be designated as containing CONFIDENTIAL INFORMATION subject to the provisions of this Protective Order at the time the deposition or examination is taken whenever possible; however, any PARTY shall have until fifteen (15) days after receipt of the signed deposition or examination transcript within which to designate in writing to the

other PARTIES to the action those portions of the transcript designated CONFIDENTIAL INFORMATION;

        b.    Any PARTY shall have the right to exclude from attendance at said deposition or examination, during such time as the CONFIDENTIAL INFORMATION is to be disclosed, every individual not entitled under paragraph 3 of this Protective Order to receipt of the information, excluding the PARTIES, the deponent, and the stenographer and/or videographer;

        c.    The originals of the portion of said deposition or examination transcript that contain CONFIDENTIAL INFORMATION shall be designated by the court reporter with the applicable legend, as instructed by the PARTY or non-PARTY offering or sponsoring the witness or presenting the testimony, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Protective Order, and not opened except by order of the Court or agreement of the parties.

    5.   Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

        a.    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing PARTY affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing PARTY also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    A PARTY or non-PARTY that makes original documents or materials available for inspection need not designate them for protection until after the inspecting PARTY has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting PARTY has identified the documents it

wants copied and produced, the Producing PARTY must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing PARTY must affix the legend "CONFIDENTIAL" at the bottom of each page that contains CONFIDENTIAL INFORMATION in accordance with paragraph 5(a) herein.

        b.   for information produced in other than documentary form or deposition testimony, that the Producing PARTY affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing PARTY, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

    If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating PARTY's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving PARTY, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    6.   A PARTY may not file with the Court any CONFIDENTIAL INFORMATION with without first obtaining written permission from the Designating PARTY, or attempting to file such information under seal, in compliance with Federal Rule of Civil Procedure 5.2.

    7.   In the event that any CONFIDENTIAL INFORMATION is used in any Court proceeding in connection with this litigation, it shall not lose its confidential status through such use, and the PARTIES shall take all steps reasonably required to protect its confidentiality during such use.

    8.   Nothing in this Protective Order shall bar or otherwise restrict TRIAL COUNSEL from rendering legal advice to the attorney's PARTY-client with respect to

1  this action, and in the course thereof, relying upon an examination of CONFIDENTIAL

2  INFORMATION.

3      9.    The designation of information as CONFIDENTIAL INFORMATION

4  pursuant to this Protective Order shall not be construed as a concession by any PARTY

5  that such information is relevant, material, or admissible as to any issue.  Nothing in this

6  Protective Order shall be construed as waiving any objection to the production of

7  evidence or to discovery requests or subpoenas, nor shall this Protective Order be

8  construed to require the production of any particular testimony, documents, evidence, or

9  other information.

10     10.   The termination of proceedings in this action shall not thereafter relieve

11 any person to whom CONFIDENTIAL INFORMATION was disclosed from the

12 obligation of maintaining the confidentiality of such information in accordance with the

13 provisions of this Protective Order.  Within thirty (30) days of termination of this action

14 (whether by judgment, settlement, or otherwise), the PARTIES and their TRIAL

15 COUNSEL shall either: 1) assemble and return to the Producing PARTIES all

16 CONFIDENTIAL INFORMATION, including all copies thereof (with the exception of

17 attorney work product, pleadings, correspondence, and deposition transcripts ("Retained

18 Materials")); or 2) destroy all CONFIDENTIAL INFORMATION, including all copies

19 thereof (with the exception of Retained Materials).

20     11.   Nothing in the foregoing provisions of this Protective Order shall be

21 deemed to preclude any PARTY from seeking and obtaining, on an appropriate

22 showing, additional protection with respect to the confidentiality or relief from this

23 Protective Order regarding matter designated as containing CONFIDENTIAL

24 INFORMATION.

25     12.   CONFIDENTIAL INFORMATION subject to this Protective Order shall

26 be used solely and exclusively for purposes of pretrial discovery, trial, and post-trial

27 proceedings, if any, in the above-captioned case, subject to the limitations contained

28 herein.    All persons to whom CONFIDENTIAL INFORMATION is disclosed,

including TRIAL COUNSEL, are hereby enjoined from using said information for any personal, commercial, business, competitive, or other purpose whatsoever, including, but not limited to, trading on such information, or from using copies of documents obtained in this case, containing said information, in any other cases, proceedings, or disputes.

13.    Subject to rules of evidence, information designated CONFIDENTIAL INFORMATION may be offered in evidence at any hearing in this case.  Any PARTY may move the Court orally or in writing for an order that the evidence be received *in camera* at the hearing or under other conditions to prevent unnecessary disclosure.  The Court then will determine what protections shall be afforded to such information at the hearing or trial.

14.    If any PARTY or other person authorized under this Protective Order to receive information designated as CONFIDENTIAL INFORMATION receives a subpoena or other document request from a non-PARTY to this Protective Order, seeking production or other disclosure of such information, that PARTY or person shall promptly give written notice to counsel for producing PARTY identifying the information requested and enclosing a copy of the subpoena or document request before responding to such subpoena, to allow Producing PARTY to object to the production of CONFIDENTIAL INFORMATION.  If the Producing PARTY opposes production of the information sought by the subpoena, then Producing PARTY may undertake such actions as it deems appropriate to enforce this Protective Order or oppose enforcement of the subpoena or document request.

15.    Any PARTY may apply to the Court for a modification of this Order, and nothing in the order shall be deemed to prejudice their rights to seek modification.

/ / /

/ / /

/ / /

/ / /

16.    In the event any PARTY or non-PARTY shall violate or threaten to violate the terms of this Protective Order, any PARTY may immediately apply to obtain injunctive relief against any such person violating, or threatening to violate any of the terms of this Protective Order.  The PARTIES and any other person subject to the terms of this Protective Order stipulate that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order, and further agree that the Protective Order may also be enforced in any other Court with competent jurisdiction.

Dated:  July 23, 2009                              /s/
                                    _____
                                    Honorable Charles F. Eick
                                    Magistrate Judge of the United States
                                    District Court in the Central District of
                                    California

Waller Lansden
Dortch & Davis, LLP

7124344.5

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ , of _____,
declare under penalty of perjury that I have read in its entirety and understand the
Stipulated Protective Order that was issued by the United States District Court for the
Central District of California, Western Division, on _____, in the case
of RONALD CARMICHAEL vs. RAYTHEON COMPANY, Case No. CV09-3089
GAF (Ex).

I agree to comply with and to be bound by all the terms of this Stipulated
Protective Order and I understand and acknowledge that failure to so comply could
expose me to sanctions and punishment in the nature of contempt. I solemnly promise
that I will not disclose in any manner any information or item that is subject to this
Stipulated Protective Order to any person or entity except in strict compliance with the
provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for
the Central District of California, Western Division, for the purpose of enforcing the
terms of this Stipulated Protective Order, even if such enforcement proceedings occur
after termination of this action.

I hereby appoint _____ [print or type full name] of
_____ [print or type full address and
telephone number] as my California agent for service of process in connection with this
action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Print Name: _____

Signature: _____

Waller Lansden
Dortch & Davis, LLP

7124344.5