1  Raymond E. Hane III, (SBN 149960)
   E-mail: rhane@bwslaw.com
2  Ashley M. Heggi, (SBN 253094)
   E-mail: aheggi@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA 90071-2953
   Tel: 213.236.0600    Fax: 213.236.2700
5
   Attorneys for Defendant
6  RAYTHEON COMPANY

7

8           UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11 | RONALD CARMICHAEL,              | Case No. 09CV-3089 GAF (Ex)
12 |         Plaintiff,              | DATE:   APRIL 19, 2010
                                     | TIME:   9:30 a.m.
13 | v.                              | CRTRM: 740
14 | RAYTHEON COMPANY and DOES       | **DEFENDANT RAYTHEON
   | 1 through 50, inclusive,        | COMPANY'S SEPARATE
15 |                                 | STATEMENT OF UNDISPUTED
   |         Defendant.              | MATERIAL FACTS IN SUPPORT
16 |                                 | OF DEFENDANT'S MOTION FOR
   |                                 | SUMMARY JUDGMENT**
17 |                                 |
18 |                                 | State Complaint Filed: 3/23/09
   |                                 | Motion Cut-Off: 4/19/10
19 |                                 | Trial Date: 5/18/10

20     Defendant RAYTHEON COMPANY hereby submits this Separate

21 Statement of Undisputed Material Facts together with references to evidence in

22 support of Defendant's Motion for Summary Judgment, or in the alternative, Partial

23 Summary Judgment:

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 1. Plaintiff Ronald Carmichael was hired by Hughes Aircraft Company ("Hughes") in 1983, as a Senior Multi-Disciplined Engineer III. | 1. Carmichael Dep., Ex. A, at 15:3-10; Ludden Decl. ¶ 2. |
| 2. Hughes was acquired by Raytheon in approximately 1997. | 2. Ludden Decl. ¶ 3. |
| 3. In 2002, Plaintiff began working for Raytheon's Space and Airborne Systems division ("SAS") in El Segundo, California, as a Facilities Manager. | 3. Carmichael Dep., Ex. A, at 19:14-17; Ludden Decl. ¶ 4. |
| 4. Plaintiff was transferred to a new position as a member of the Facilities Department at Raytheon's Fullerton, California, campus in late 2005. | 4. Carmichael Dep., Ex. A, at 21:2-13; Tipton Decl. ¶ 2. |
| 5. Plaintiff's direct supervisor as a member of the Fullerton Facilities Department was Facilities Site Manager Scott Tipton. | 5. Tipton Decl. ¶ 2. |
| 6. Plaintiff claims that he was in a car accident on June 22, 2006. Plaintiff claims that he sustained several injuries as a result of this car accident. | 6. Compl. ¶ 9. |
| 7. From June 2006 to January 2008, | 7. Tipton Decl. ¶ 3; Ludden Decl. ¶ 6. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| Plaintiff took numerous extended leaves of absence, many lasting months at a time, and attended work sporadically. | |
| 8. In January 2008, following his most recent leave of absence, Plaintiff was released by his treating physician to return to work as of early February 2008. | 8. Compl. ¶ 10; Ludden Decl. ¶ 7. |
| 9. Plaintiff admits when he was returned to work in early 2008, he was not disabled. | 9. Carmichael Dep., Ex. A, at 200:21-23; 236:8-11. |
| 10. Plaintiff also admits when he was returned to work in early 2008, he did not have any medical restrictions that impacted his ability to perform any particular job. | 10. Carmichael Dep., Ex. A, at 199:20-24; 200:21-23; 226:9-18. |
| 11. In February 2008, there was no budget for Plaintiff's position in the Fullerton Facilities Department. | 11. Tipton Decl. ¶ 4. |
| 12. When Plaintiff first began working in the Fullerton Facilities Department in 2006, he was charging to a general overhead budget, beyond what was | 12. Tipton Decl. ¶ 4. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Documents and Settings\carrillo-f\My Documents\Echo\(Carmichael) SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS.doc

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MS

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| specifically allotted to the Fullerton Facilities Department, in hopes that he could add value to the Department and that as a result, the Department might be able to obtain a future year budget for his position. | |
| 13. Ultimately, Plaintiff did not add enough value to merit a subsequent budget for his position. | 13. Tipton Decl. ¶ 4. |
| 14. As a result, from February 2008 to August 2008, Human Resources Generalists Jenna Ludden and Katerina Karmokolias worked with Plaintiff to find him an open position within Raytheon for which he was qualified. | 14. Ludden Decl. ¶ 8; Karmokolias Decl. ¶ 2. |
| 15. During this time period, Fullerton Facilities Site Manager Scott Tipton continued to be Plaintiff's supervisor pending Plaintiff's reassignment. | 15. Tipton Decl. ¶ 5. |
| 16. Ludden and Karmokolias had frequent telephone conversations with Plaintiff about experience, skills and how to search for | 16. Ludden Decl. ¶ 9; Karmokolias Decl. ¶ 3. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| potential open positions within the company. | |
| 17. They explained to Plaintiff that he needed to utilize Raytheon's comprehensive online job posting database, RayJobs (www.rayjobs.com), in order to review open job postings and select the positions for which he was qualified and wanted to apply. | 17. Ludden Decl. ¶ 10; Karmokolias Decl. ¶ 4. |
| 18. RayJobs is a public website viewable by applicants within and outside of Raytheon. | 18. Ludden Decl. ¶ 11. |
| 19. RayJobs is monitored by Raytheon's Human Resources Department.  The Human Resources Department responds to job applications and inquiries and arranges on-site job interviews when necessary. | 19. Ludden Decl. ¶ 11. |
| 20. Ludden asked Plaintiff to provide her with a current resume so that she could review it and circulate it to Raytheon managers who had listed open positions on RayJobs. | 20. Ludden Decl. ¶ 12. |
| 21. At one point, Plaintiff | 21. Ludden Decl. ¶ 13; Carmichael |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| communicated to Ludden that he was interested in a supply chain position. | Dep., Ex. A, at 206:22 – 207:5. |
| 22. Ludden investigated the requirements of a supply chain position pursuant to Plaintiff's statement. Unfortunately, Plaintiff did not possess the minimum qualifications, specifically length of previous supply chain experience, for this position. | 22. Ludden Decl. ¶ 13. |
| 23. In addition, Plaintiff does not have a college or any type of post-secondary degree. | 23. Carmichael Dep., Ex. A, at 208:5-16. |
| 24. Most of the potential open positions for Raytheon employees at Plaintiff's level require a college or other post-secondary degree as a minimum qualification. | 24. Ludden Decl. ¶ 14. |
| 25. Plaintiff claims that he identified several open positions at Raytheon in which he was interested, but admits that he did not look at the educational requirements for those positions or determine whether or not he was actually qualified to for | 25. Carmichael Dep., Ex. A, at 221:24 – 222:13. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| those positions with respect to educational background. | |
| 26. Plaintiff insisted that the only way he would be able to find a new position was to visit Raytheon's El Segundo, California, campus and go door-to-door, asking old acquaintances in person if they had any job openings for him. | 26. Ludden Decl. ¶ 15. |
| 27. In the end, between February 4, 2008, and August 5, 2008, Plaintiff did not apply for a single position within Raytheon, despite repeated attempts by Ludden and Karmokolias to assist him. | 27. Ludden Decl. ¶ 16; Karmokolias Decl. ¶ 5. |
| 28. Raytheon is a major American defense contractor and industrial corporation with core manufacturing concentrations in defense systems and defense and commercial electronics. | 28. Pozza Decl. ¶ 2. |
| 29. Virtually all of Raytheon's revenue is based upon United States government aerospace and military programs. | 29. Pozza Decl. ¶ 2. |
| 30. In 2008, due to lower-than- | 30. Pozza Decl. ¶ 3. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| anticipated revenues from government contracts, Raytheon undertook to significantly reduce its overhead costs. These cost-cutting measures, unfortunately, included reducing the number of so-called "indirect charge" employees (i.e., employees not billing directly to a contract or project) in Raytheon's workforce. | |
| 31. Ultimately, Raytheon was forced to reduce the SAS workforce by approximately 123 employees in 2008. | 31. Mann Decl. ¶ 2. |
| 32. Approximately 30 employees from the SAS Facilities organization were affected by the reduction-in-force ("RIF"), and at least 16 of those employees were ultimately laid off as a result of the RIF. | 32. Pozza Decl. ¶ 4. |
| 33. The process for deciding who will be included in a RIF involves the appropriate manager ranking employees within a "decisional unit," which is a set of employees holding the same or similar job | 33. Karmokolias Decl. ¶ 6. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| classification who perform similar functions and apply similar skills. The members of the decisional unit are ranked on the basis of four criteria or "factors": Current Performance (which, in Plaintiff's case, referred to his most recent job performance); Job Knowledge; Flexibility/Initiative; and Years of Service.  The lowest-ranking employee in each decisional unit is ultimately placed on the list of employees to be included in the RIF. | |
| 34.  As part of the RIF process, it was determined that the one of the salaried Facilities employees assigned to the Fullerton Facilities Department would need to be included in the RIF, and that the salaried members of the Fullerton Facilities Department would therefore constitute a decisional unit. | 34. Karmokolias Decl. ¶ 7. |
| 35.  In his role as Facilities Site Manager in Fullerton, Tipton | 35. Tipton Decl. ¶ 6; Karmokolias Decl. ¶ 8. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| ranked the five salaried Facilities employees assigned to the Fullerton Facilities Department against one another using Raytheon's four-factors ranking process, with the data and ranking for the fourth factor (years of service) to be input later by an SAS Human Resources representative. | |
| 36. Plaintiff was ranked last in his decisional unit using this four-factors ranking process and was therefore selected for the RIF. | 36. Tipton Decl. ¶ 7. |
| 37. Tipton's ranking was based only on the four-factor analysis and had nothing to do with Plaintiff's age or proximity in time to his "Magic 75" retirement. | 37. Tipton Decl. ¶ 8. |
| 38. Plaintiff has no evidence that Tipton harbored any discriminatory motive against him based on his age. | 38. Carmichael Dep., Ex. A, at 81:25 – 84:8; 250:3 – 253:2; 254:14 – 255:9. |
| 39. Tipton himself was 51 at the time that he prepared the four-factor analysis. | 39. Tipton Decl. ¶ 9. |
| 40. Three of the other five members of | 40. Karmokolias Decl. ¶ 9. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| Plaintiff's decisional unit were 65, 56 and 53 years of age at the time of the RIF. | |
| 41. Thus, Plaintiff, at 52, was the second-youngest member of his decisional unit. | 41. Karmokolias Decl. ¶ 9; Carmichael Dep., Ex. A, at 10:13; 250:11. |
| 42. Plaintiff testified that he believes the primary reason he was selected for lay off was his membership in Raytheon's Non-Bargaining Contributory Defined Benefit pension plan (the "NBC pension plan"). | 42. Carmichael Dep., Ex. A, at 138:25 – 139:11; 250:3-9; Mann Decl. ¶ 3. |
| 43. Raytheon's NBC pension plan is a pension plan that is comprised of former Hughes employees now employed by Raytheon (so-called "Hughes Legacy" employees). The plan was available to Hughes employees hired during a certain time period. | 43. Mann Decl. ¶ 4. |
| 44. The NBC pension plan contains a provision, often referred to as the "Magic 75" provision, which allows a member of the plan to elect early retirement with full | 44. Mann Decl. ¶ 5. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| pension benefits if the member is at least age 55 and has at least 20 years of continuous service with the company. | |
| 45. Plaintiff has no evidence that Tipton harbored any discriminatory motive against him based on his membership in Raytheon's NBC pension plan or his proximity to his "Magic 75" retirement age. | 45. Carmichael Dep., Ex. A, at 81:25 – 84:8; 250:3 – 253:2; 254:14 – 255:9. |
| 46. As a former employee of Hughes, Tipton is also a member of Raytheon's NBC pension plan. | 46. Tipton Decl. ¶ 10. |
| 47. In addition, three of the five employees in Plaintiff's decisional unit were also former Hughes employees and members of the NBC pension plan. These three employees had more years of service than Plaintiff and were older than him, making each of them closer in proximity to the "Magic 75" retirement age than Plaintiff. | 47. Mann Decl. ¶ 6. |
| 48. Raytheon's SAS Facilities Director, Scott Pozza, reviewed | 48. Pozza Decl. ¶ 5. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| and approved Facilities Site Manager Scott Tipton's four-factor ranking of Plaintiff and Plaintiff's ultimate selection for inclusion in the RIF. | |
| 49. Pozza did not know that Plaintiff was a member of the NBC pension plan. | 49. Pozza Decl. ¶ 6. |
| 50. Pozza had no knowledge of Plaintiff's age or proximity in time to his "Magic 75" retirement. | 50. Pozza Decl. ¶ 7. |
| 51. If a RIF recommendation affects any employee with a certain number of years of service, a Long Service Review Committee will review the decision. The Committee consists of a Human Resources representative and other members of Raytheon management. | 51. Karmokolias Decl. ¶ 10-11. |
| 52. In July 2008, a Long Service Review Committee was convened to review the selection of approximately seven long service employees, including Plaintiff, for the RIF. | 52. Karmokolias Decl. ¶ 12. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 53. The members of the Long Service Review Committee were unaware that Plaintiff was a member of the NBC pension plan. | 53. Karmokolias Decl. ¶ 12. |
| 54. The members of the Long Service Review Committee were also unaware of Plaintiff's age. | 54. Karmokolias Decl. ¶ 12. |
| 55. The Long Service Review Committee approved Plaintiff's selection for inclusion in the RIF. | 55. Karmokolias Decl. ¶ 12. |
| 56. Plaintiff was terminated as part of the RIF effective August 6, 2008. | 56. Karmokolias Decl. ¶ 13. |
| 57. In calendar year 2008, Raytheon's SAS business unit was forced to lay off approximately 123 employees as a result of the reduction-in-force. | 57. Mann Decl. ¶ 7. |
| 58. Of these 123 employees, only 21 employees were members of Raytheon's NBC pension plan. | 58. Mann Decl. ¶ 7. |
| 59. These 21 employees comprised 17.1 per cent of the total SAS employees laid off in calendar year 2008. | 59. Mann Decl. ¶ 7. |
| 60. In 2008, there were 12,517 Raytheon SAS employees in a | 60. Mann Decl. ¶ 8. |

| UNDISPUTED MATERIAL FACTS | EVIDENTIARY SUPPORT |
|---|---|
| pension plan. | |
| 61. Of these 12,517 SAS employees, 2,576 were members of Raytheon's NBC pension plan. | 61. Mann Decl. ¶ 8. |
| 62. These 2,576 employees comprised approximately 20.6 per cent of the total SAS employees in pension plans. | 62. Mann Decl. ¶ 8. |

Dated:   March 22, 2010

Burke, Williams & Sorensen, LLP

By: _____
Raymond E. Hane III
Ashley M. Heggi
Attorneys for Plaintiff
RAYTHEON COMPANY